UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH ALLISON, et al,<br><br>           Plaintiffs,<br><br>  -vs-<br><br>EDWARD F. SHEA, JAMES L. ROBART,<br>STEPHEN S. TROTT, W. FLETCHER, and<br>JOHNNIE B. RAWLINSON,<br><br>           Defendants. | CV-10-3020-LRS<br><br>ORDER OF DISMISSAL WITH PREJUDICE |

Plaintiff[1] has filed a *pro se* complaint alleging that defendants have refused to rescind "illegal orders" and have abused the power of the bench by aiding and /or abetting the further denial of plaintiffs' constitutional/common law rights to earn their living at their chosen occupation and access to due process of law." Ct. Rec. 1 The court dismisses plaintiffs' complaint because the errors in their complaint-implicating judicial immunity-are substantive and not formal in nature, rendering repleading futile. Further, the complaint is not sufficient under Fed. R. Civ. P. 8. Plaintiffs' pleadings are prolix and unintelligible." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir.1988);

---

[1] While the pleading herein suggests multiple parties--only Mr. Allison is identified in this litigation.

ORDER - 1

*Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (final dismissal appropriate where complaint was "a labyrinthine prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint failed to cure defect). While this Court notes that dismissal of a Plaintiff's claim is strongly disfavored, it is also true that the not insubstantial burden on judicial resources by such poorly articulated and frivolous claims may detract from the proper attention other meritorious claims deserve.

When addressing a *pro se* complaint, *generally* a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) [internal quotation and citation omitted]; *see also* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). An opportunity to amend is not required where "the problem with [plaintiffs'] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted].

As the Supreme Court has repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. *See McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("While we have insisted that the

pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir.2006) (pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]. Stated more plainly, when a plaintiff is proceeding pro se, "all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F.Supp. 259, 262 & n. 9 (S.D.N.Y.1980).

   This court finds that Plaintiff has failed to comply with procedural rules. Namely, the rules require a short and plain statement of the grounds upon which the court's subject matter jurisdiction depends. A complaint must also include a short and plain statement of the claim in numbered paragraphs, each of which shall be limited as far as practicable to a single set of circumstances. A complaint must also indicate the statutory basis for each cause of action and indicate concisely and directly how the named defendants allegedly violated the statute(s). This has not been done in the present complaint.

   Plaintiff has sued five federal judges. Plaintiff's complaint appears focused on Mr. Allison's dissatisfaction with the results of his lawsuits before the named defendants. A party cannot sue a judicial officer outright merely because an unfavorable decision is handed down.

ORDER - 3

A judge is entitled to broad judicial immunity in rendering decisions in cases brought before the court. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The court finds that the present complaint should be dismissed with prejudice based on the law. Accordingly, for the reasons stated above, the complaint as filed herein is **DISMISSED** with prejudice. Plaintiffs' Motion for Summary Judgment, **Ct. Rec. 2,** is **DENIED as MOOT;** and Plaintiffs' "Motion to add Obstruction of Justice (18 USCA §1501-1517) and 18 U.S.C. §4 as it relates to Misprision of Felony," **Ct. Rec. 8,** is **DENIED as MOOT.**

**IT IS SO ORDERED.** The District Court Executive is directed to provide copies of this Order to the parties, enter judgment, and close the file.

**DATED** this ___28th___ day of May, 2010.

s/Lonny R. Suko

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4